# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAVONYA LAMPKIN,**

              **Plaintiff,**

**-vs-**                                    **Case No. 6:07-cv-1635-Orl-22GJK**

**HUBBARD CONSTRUCTION COMPANY**
**and P. FREDERICK O'DEA, JR.,**

              **Defendants.**

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS HUBBARD CONSTRUCTION COMPANY AND P. FREDERICK O'DEA, JR.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 30)** |
| **FILED:** | February 23, 2009 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**. |

## I. BACKGROUND

On October 15, 2007, Lavonya Lampkin (the "Plaintiff") filed a complaint ("Complaint") against Hubbard Construction Company ("Hubbard") and P. Frederick O'Dea, Jr. ("O'Dea") (collectively, the "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Doc. No. 1. Plaintiff asserts a claim for unpaid overtime compensation. *Id.* Defendants operate a construction company in Winter Park,

Florida. *Id.* Plaintiff states she was employed by Defendants as a roadway assistant from March 2000 through May 2007. Doc. No. 9 at 3. According to Defendants' Verified Summary of Plaintiff's hours and earnings, Plaintiff held several positions throughout her employment but was transferred to a salaried foreman position January 1, 2007, which she held through her termination on May 9, 2007. Doc. No. 12 at 3. Plaintiff maintains that from January 2007 through April 2007 she worked approximately two hundred and eighty (280) hours of overtime. Doc. No. 9 at 4. She claims damages, including liquidated damages, in the amount of $4,480.00. *Id.*

On February 23, 2009, Defendants filed a Motion for Summary Judgment ("Motion") stating judgment as a matter of law is appropriate pursuant to 29 U.S.C. §213(a)(1), the executive exemption of the FLSA. Doc. No. 30. If the Court denies Defendants' Motion as to the exemption issue, Defendant O'Dea, who acts as Vice President/Chief Financial Officer for Defendant Hubbard, seeks summary judgment on the basis that he was not Plaintiff's "employer" under the FLSA. *Id.*; Doc. No. 30-4 at 4. Attached to the Motion are Hubbard's job description for the position "Grade Foreman", Plaintiff's deposition transcript and an affidavit of Chris Czerwonka, Hubbard's Human Resource Manager/EEO Officer, are attached to the Motion. Doc. Nos. 30-2, 30-3, 30-4.

On March 30, 2009, Plaintiff filed a response ("Response") in opposition to the Motion. Doc. No. 31. Plaintiff maintains that the "undisputed" evidence shows 90% of Plaintiff's time was spent performing nonexempt manual labor. *Id.* at 3-5. Thus, Plaintiff maintains that Defendants should not be granted summary judgment as to whether Plaintiff was an exempt employee under the FLSA. *Id.*

With respect to Defendant O'Dea, Plaintiff concedes that he is entitled to summary judgment. Doc. No. 31 at 6. Attached to the Response is an affidavit from Plaintiff. She states the following:

> From January 2007 to April 2004, my regular and recurring duties required me to perform manual labor, which included: grading out roadways and ditches; manually pulling string lines, leveling and checking grades and elevations; cutting out or adding dirt to grades; stabilizing the roadway; building pads up for machines to match the grades, rechecking of grades after additional work was performed; staking out roadways; placing grades on stakes; and flagging of traffic for trucks entering and leaving the roadway.
>
> Equipment that was regularly used to check grades was not available for my use from January 2007 to April 2007; therefore I was forced to manually check grades without equipment.
>
> Ninety percent (90%) of the job duties I performed from January 2007 to April 2007, for Hubbard Construction Company were manual labor and not managerial.

Doc. No. 31-2 at 2. Plaintiff also attached to the Response the deposition transcript of Lawrence Speed, who was formerly employed by Hubbard as a project superintendent. Doc. No. 31-3. Mr. Speed stated that during the time Plaintiff worked under him as foreman and crew chief, she would shovel, check grade, string lines and operate whatever equipment she could. *Id.* at 25-32. He stated further that notwithstanding her title upgrade to foreman, she made more money when she was a crew chief and performed essentially the same job. *Id.* at 32.

## II. LAW

A. Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

3

entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Whether a fact is material depends on the substantive law of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If there is an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof, that party must "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Summary judgment is mandated against the non-moving party who thereafter fails to present sufficient evidence to establish a genuine issue of fact for trial. *Id.* at 322, 324-25.

In this review, the Court must consider all inferences drawn from the underlying facts in a light most favorable to the non-moving party, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If an issue of material fact exists, the court must not decide it, but rather, must deny summary judgment and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[1]

B. The FLSA

The FLSA's overtime provisions apply to employees who: 1) engage in commerce; 2) engage in the production of goods for commerce; or 3) are employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). The employee bears the burden of proving that he is covered by the FLSA. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under FLSA, an employer is required to pay overtime compensation if the employee can

---

[1] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

establish enterprise coverage or individual coverage."). However, an employer can avoid paying overtime compensation if it proves that one of the FLSA's exemptions applies. *Wouters v. Martin County, Fla.*, 9 F.3d 924, 929 (11th Cir. 1993), *cert. denied*, 513 U.S. 812 (1994); *see also* 29 U.S.C. § 213. Exemptions are narrowly construed against the employer. *Wouters*, 9 F.3d at 929. Generally, "[w]hether employees are exempt from the requirements of the Fair Labor Standards Act involves a question of fact." *Hodgson v. Colonnades, Inc.*, 472 F.2d 42, 47 (5th Cir.1973). An employee who is "employed in a bona fide executive, administrative, or professional capacity" is exempt from the FLSA's overtime provisions. 29 U.S.C. § 213(a)(1).

An employee qualifies for the administrative exemption if the following conditions are met: 1) he is compensated on a salary basis or fee basis at a rate of not less than $455 per week; 2) his "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and 3) his "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). For the purposes of the administrative exemption, an employee's work is "directly related to the management or general business operations" if his work is "directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). Such work is ancillary to the employer's principal production activity, and includes work in areas such as finance, accounting, budgeting, quality control and purchasing. *See* 29 C.F.R. § 541.201(b); *see also, e.g.*, *Renfro v. Ind. Mich. Power Co.*, 370 F.3d 512, 517 (6th

5

Cir.2004). Ordinary work that generates the products or services that the employer provides to the public does not fall within the administrative exemption. *Renfro*, 370 F.3d at 517; *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 9 (1st Cir.1997).

For an employee to meet the primary duty prong, his "primary duty must be the performance of exempt work." 29 C.F.R. § 541.700(a). Primary duty is defined as "the principal, main, major or most important duty that the employee performs." *Id.* An employee's primary duty is determined on a case-by-case basis by considering "the character of the employee's job as a whole." *Id.* In reaching its decision the trier of fact considers, but is not limited to, the following factors:

> 1) the relative importance of the exempt duties as compared with other types of duties; 2) the amount of time spent performing exempt work; 3) the employee's relative freedom from direct supervision; and 4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id.* An employee who spends greater than half of his time at work performing exempt work generally meets the primary duty requirement. 29 C.F.R. § 541.700(b). However, an employee who spends less than half of his time performing exempt work may still meet the primary duty requirement on the basis of other factors. *Id.*

### III. ANALYSIS

With respect to primary duty, Defendants contend that Plaintiff's primary duties were exempt work because her "most important job duty as a grade foreman was supervising a crew of personnel assigned to construct, maintain and repair streets, curbs, sidewalks and storm drains." Doc. No. 30 at 4, 9. Defendants cite testimony from Plaintiff in support of their argument. *See, e.g.*, Doc. No. 30-2, p. 121 (Plaintiff testified that the grade foreman job description accurately described, at a minimum, the job duties

she performed). However, Plaintiff has produced evidence which could support a finding that her primary duties were nonexempt work. *See, e.g.*, Doc. No. 31-2, ¶¶ 5, 8 (Plaintiff stated that 90% of the job duties she performed were manual labor and not managerial); Doc. No. 31-3 at 32 (Mr. Sneed testified that Plaintiff performed essentially the same tasks as a grade foreman as she did as a crew chief).

In deciding a motion for summary judgment, the court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir.1993). Defendants have not satisfied their burden of proving that there is no genuine issue as to whether Plaintiff's primary duty was exempt work. Because there is a genuine issue of material fact appearing in the record, the Court cannot conclude that the administrative exception applies at this stage of the proceedings. Accordingly, it is

**RECOMMENDED** that the Motion for Summary Judgment (Doc. No. 30) be **GRANTED in part** and **DENIED in part**. The Motion should be granted with respect to Defendant O'Dea and denied with respect to Defendant Hubbard.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 12, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE